[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties intermarried on October 1, 1983 at Newtown, Connecticut. They have both resided in Connecticut since that time. There are four minor children issue of the marriage: Karina Lisa Frosceno, born February 22, 1986; Anthony Keith Frosceno, born September 8, 1987; Angelina Cristine Frosceno, born January 15, 1992; Carmela Marisa Frosceno, born May 8, 1995.
The evidence presented at trial has clearly established the allegation that the marriage has broken down irretrievably. Judgment may enter dissolving the marriage on that ground.
The Court has carefully considered the criteria set forth in §§ 46b-81, 46b-82, 46b-62, 46b-84 and 46b-56 Connecticut General Statutes in reaching the decisions reflected in the orders that follow.
The parties have been married for a little over 15 years. The four minor children are aged 12, 11, 7 and 3 years of age. The parties are both 38 years of age and in good health. The defendant wife took on the traditional role of homemaker, staying CT Page 1040 at home to care for the family. Throughout the marriage, however, she worked part time in a variety of positions and contributed her earnings to the family.
The defendant is gainfully employed and earns approximately $55,000 per year. In 1997 he earned approximately $57,728.93. The parties have had substantial tax refunds during the past five years. In 1997, the parties received an IRS tax refund of $3,004. The defendant is the main source of income for the family.
No useful purpose would be served by a review of all the evidence presented in this matter. Unfortunately, the parties were unable to resolve their marital difficulties. The court declines to assess fault to either party for the breakdown of the marital relationship. The wife felt she had no emotional support from the husband. The husband felt professional counseling would be of assistance, however the wife felt the marriage was over.
CUSTODY VISITATION
There shall be joint legal custody of the minor children with physical custody to the defendant mother.
VISITATION
The plaintiff shall be entitled to reasonable, flexible and liberal visitation to include but not be limited to the following:
A) Tuesday and Thursday from 5:00 p. m to 7:30 p. m. During the summer vacation visitation shall be until 8:00 p. m. on Tuesday and Thursday.
B) Alternating weekends from 1:00 p. m. on Saturday until 7:30 p. m. Sunday.
C) The first week of August every year.
D) Thanksgiving Day; Christmas Eve; (the parties shall alternate having the children sleep over.)
E) Father's Day
F) Easter Sunday and Mother's Day shall be with the defendant. CT Page 1041
G) Such other times and dates as the parties shall agree.
CHILD SUPPORT
1) The plaintiff shall pay to the defendant as child support, the sum of $87.50 per week per child for a total support order of $350. per week, in accordance with the child support guidelines, effective immediately.
2) Said child support shall be paid until each child reaches the age of 19 years or completes twelfth grade, whichever event shall first occur.
3) An Immediate withholding is ordered.
MEDICAL COVERAGE
1) The plaintiff shall continue to provide medical and dental insurance coverage as are available through his employment, for the benefit of the minor children. All unreimbursed medical bills shall be equally divided between the parties.
2) The defendant shall be entitled to COBRA Rights as are available through the plaintiff's plan, at her sole expense.
PERSONAL PROPERTY
1) The plaintiff shall be entitled to the 1989 Nissan motor vehicle and shall be responsible for any taxes or insurance on said motor vehicle.
2) The defendant shall be entitled to the 1994 Plymouth Voyager motor vehicle and shall be responsible for payment of any loan, insurance and taxes related to said motor vehicle.
3) The defendant shall be entitled to the camping equipment.
4) The plaintiff shall be entitled to whatever extra pots and pans, linens and dishware the defendant chooses to give to the plaintiff.
5) The plaintiff shall be entitled to all proceeds from his workmen's compensation claim. CT Page 1042
PENSION SAVINGS
1) The defendant shall be entitled to 50% of the plaintiff's pension valued as of this date, which shall be secured by means of a QDRO. The plaintiff shall cooperate in executing the proper documents to effectuate the QDRO.
2) The plaintiff shall be entitled to his 401(k) plan.
DEBTS
1) The plaintiff shall be responsible for the balance of the debt owed to the Yale New Haven Hospital.
2) Each party shall be responsible for one-half of the orthodontia bill incurred by the minor children.
3) Each party shall be responsible for one half of the balance due on the ATT Visa Card and the indebtedness owed to the Fleet Bank.
INCOME TAXES
1) The parties shall file a joint or separate State and Federal Tax refund as they shall agree.
2) Any refund from the State or Federal tax return, whether joint or separate returns are filed, shall be equally divided between the parties.
3) For the tax year 1999 and thereafter, the plaintiff shall be entitled to claim the 4 minor children as dependents provided the child support payments are current as of December 31st. This provision shall be modifiable.
4) In the event that the defendant earns more than $15,000 per year then in that event, the defendant shall be entitled to claim the two youngest children as exemptions. This provision shall be modifiable.
ALIMONY
The Court has carefully considered the statutory criteria as set forth in § 46b-82, C.G.S. especially the desirability of the defendant, who has custody of the four minor children, to CT Page 1043 secure employment.
The plaintiff shall pay to the defendant as periodic alimony and commencing immediately, the sum of $75. per week until the death of the plaintiff, the death or remarriage or cohabitation, as defined by statute, of the defendant or ten years from the date hereof.
LIFE INSURANCE
1) The plaintiff shall maintain the presently existing life insurance on his life in the amount of $77,000 and shall name the minor children and the defendant as irrevocable beneficiaries thereon for so long as he has an obligation for child support and/or alimony. This provision shall be modifiable.
2) The plaintiff shall also name the minor children as irrevocable beneficiaries of the $5000 death benefit provided under his automobile insurance policy. This provision shall be modifiable.
ATTORNEY'S FEES
Each party shall be responsible for their respective attorney's fees.
COPPETO, J.